*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1877**

State of Minnesota,
Respondent,

vs.

John Onokwuozo Onyemekeihia,
Appellant.

**Filed September 8, 2014
Affirmed
Halbrooks, Judge**

St. Louis County District Court
File No. 69DU-CR-12-4175

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Christopher J. Pinkert, Assistant County Attorney, Duluth, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Stephen L. Smith, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Ross, Judge; and Chutich, Judge.

## UNPUBLISHED OPINION

**HALBROOKS**, Judge

Appellant challenges his conviction of fifth-degree assault, arguing that the state's evidence was insufficient to convict him. We affirm.

**FACTS**

On November 30, 2012, appellant John Onokwuozo Onyemekeihia was charged by complaint with two counts of fifth-degree assault under Minn. Stat. § 609.224, subd. 1(1) (2012), and one count of interfering with an emergency call under Minn. Stat. § 609.78, subd. 2 (2012). The charges arose from allegations that on September 8, 2012, Onyemekeihia was involved in an altercation with the brother (D.J.S.) and sister-in-law (H.C.S.) of his children's mother (S.A.S.), and that Onyemekeihia chased D.J.S., sprayed him with a "pepper spray gun" similar in appearance to a small handgun, and punched him in the head. The complaint also alleges that Onyemekeihia approached H.C.S. "in a fighting manner" and knocked away her cell phone when she attempted to dial 911. The altercation arose when D.J.S. and H.C.S. arrived at the home of S.A.S. and Onyemekeihia to pick up S.A.S. and the children.

Five witnesses testified at a jury trial. Recordings of two 911 calls and photographs of D.J.S.'s pepper-sprayed shirt, D.J.S.'s injuries, and a pepper-spray device were admitted as exhibits. The jury found Onyemekeihia guilty of fifth-degree assault against D.J.S. but acquitted him of assault against H.C.S. and interference with an emergency call. The district court entered judgment and imposed a sentence of 90 days in jail with credit for five days and the remainder stayed. This appeal follows.

**D E C I S I O N**

In considering a claim of insufficient evidence, our review is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the jurors to reach the verdict

2

that they did.[1]  *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989).  We must assume that "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989).  We will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude the defendant was guilty of the charged offense.  *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).  A person is guilty of fifth-degree assault if he "commits an act with intent to cause fear in another of immediate bodily harm or death" or "intentionally inflicts or attempts to inflict bodily harm upon another."  Minn. Stat. § 609.224, subd. 1(1)-(2) (2012).  "Bodily harm" means "physical pain or injury, illness, or any impairment of physical condition."  Minn. Stat. § 609.02, subd. 7 (2012).

Onyemekeihia asserts that the state's evidence was insufficient because its case "relies primarily on [D.J.S.'s and H.C.S.'s] credibility," which "is suspect" because it "is laden with inconsistencies," and that "it strains credulity that a man of Onyemekeihia's diminutive stature would be the aggressor against two adults."  Onyemekeihia also argues that the state failed to contradict his testimony that S.A.S. and the children had previously left town without incident.  We understand Onyemekeihia's argument to be that because on previous occasions he did not object to S.A.S. leaving with the children, the jury

[1]  We apply a heightened review standard when evidence concerning an element is based solely on circumstantial evidence.  *State v. Al–Naseer*, 788 N.W.2d 469, 473 (Minn. 2010).  The evidence here is largely eyewitness testimony, so the heightened standard does not apply.  *See State v. Hokanson*, 821 N.W.2d 340, 353 n.1 (Minn. 2012) (concluding that witness testimony based on the witness's personal knowledge or observations is direct evidence).

should have credited his testimony at trial that he did not object to her leaving on this occasion and therefore should have concluded that he did not assault D.J.S.

The jury is the sole judge of the credibility of witnesses. *State v. Johnson*, 568 N.W.2d 426, 435 (Minn. 1997). The jury also determines the weight to be given to the testimony of each witness. *State v. Pendleton*, 706 N.W.2d 500, 512 (Minn. 2005). In reviewing a conviction, we defer to the fact-finder's credibility determination. *State v. Watkins*, 650 N.W.2d 738, 741 (Minn. App. 2002). Here, D.J.S. testified that when he and H.C.S. arrived to pick up S.A.S. and the children, Onyemekeihia was yelling, approached quickly, pulled something from his pocket and "clicked" it, pushed him against the car, chased him around the parking lot, and punched him, causing injuries that were photographed. H.C.S. testified that Onyemekeihia confronted them while yelling, pushed D.J.S. into the car, put something to D.J.S.'s chest that she thought was a gun and "clicked" it, knocked her phone out of her hands, and chased D.J.S. around the parking lot. Given our deference to the jury's role, Onyemekeihia's argument that the jury should have credited his version is unavailing.

Onyemekeihia also argues that "no one actually saw [him] with a pepper spray gun; nor did the state present it at trial," and that the evidence that he punched D.J.S. was weak. But D.J.S. testified that Onyemekeihia pulled something out of his pocket and held the object in his hand while he chased D.J.S. Although D.J.S. could not see the object, he heard a click and "thought it might have been a small pistol." D.J.S. further testified that Onyemekeihia later threw the object on the ground. H.C.S. testified that

4

Onyemekeihia pointed an object at D.J.S. that she thought was a gun and that she heard a clicking sound.

Officer Dale Marcus, who responded to H.C.S.'s 911 call, testified that he found a palm-sized pepper-spray device in the parking lot and showed it to S.A.S., who identified it as belonging to Onyemekeihia. A photograph of the pepper-spray device was admitted into evidence, and S.A.S. testified at trial that it "look[ed] like the same one" that Onyemekeihia owned. A photograph of D.J.S.'s shirt was admitted into evidence, and Officer Marcus testified that the marks on it were consistent with pepper-spray residue and that D.J.S.'s shirt had an odor of pepper spray.

D.J.S. also testified that Onyemekeihia punched him in the face, on the forehead, and by his nose. And photographs of D.J.S.'s injuries, which were consistent with his testimony, were admitted at trial. Although neither H.C.S. nor S.A.S. testified that they saw Onyemekeihia punch D.J.S. and Onyemekeihia expressly denied punching him and testified that D.J.S. was the aggressor, the jury was entitled to credit D.J.S.'s testimony and the photographic evidence of his injuries. We assume that the jury believed the witnesses whose testimony supports the verdict and that the jury did not believe contradictory evidence. *Pendleton*, 706 N.W.2d at 512.

Here, the jury could have reasonably concluded that Onyemekeihia was guilty of fifth-degree assault based on the evidence that D.J.S. suffered an injury when Onyemekeihia punched him and that D.J.S. feared immediate bodily harm when he was chased with the pepper-spray device, which he thought was a gun. Giving due regard to

the jury's acceptance of the state's proof, and viewing the evidence in the light most favorable to the verdict, the state's evidence is sufficient to support a guilty verdict.

In a pro se supplemental brief, Onyemekeihia also raises a number of other claims that are unsupported by argument or citation to legal authority. We need "not consider pro se claims on appeal that are unsupported by either arguments or citations to legal authority." *State v. Bartylla*, 755 N.W.2d 9, 22 (Minn. 2008).

We nevertheless address appellant's assertions that his conviction was racially motivated and that two potential jurors were excused because they expressed concerns about the racial makeup of the venire panel. At trial, Onyemekeihia testified that he was born in Nigeria, has resided in the United States approximately 12 years, and became a U.S. citizen in 2007. No potential jurors self-identified as non-Caucasian. During voir dire, panel members answered questions about their experiences with people of another race, and two potential jurors volunteered concerns about the fairness of an all-white jury. One of these potential jurors was later excused for cause because she acknowledged an inability to be impartial if a particular witness testified. The other person answered a number of follow-up questions relating to race and was not excused for cause, although she was not ultimately among the seven jurors picked from the 16 on the panel. Based on our review of the record, Onyemekeihia's claims are without merit.

**Affirmed.**